1
2
3
4
5
6
7

8          UNITED STATES DISTRICT COURT

9          SOUTHERN DISTRICT OF CALIFORNIA

10

11   DAVID ANTHONY DEAN,                     Case No.:  23cv1021 CAB (BGS)

12                            Petitioner,
                                            **ORDER DISMISSING CASE**
13   v.                                      **WITHOUT PREJUDICE**

14   STATE OF CALIFORNIA, et al.,

15                            Respondents.

16

17        Petitioner, a state prisoner proceeding pro se, has filed a document using the initial

18   cover page of a habeas form, which has been docketed as a Petition for a Writ of Habeas

19   Corpus pursuant to 28 U.S.C. § 2254 ["Petition"].  (ECF No. 1.)

20            **FAILURE TO SATISFY FILING FEE REQUIREMENT**

21        Petitioner has not paid the $5.00 filing fee and has not filed an application to proceed

22   in forma pauperis.  Because this Court cannot proceed until Petitioner has either paid the

23   filing fee or qualified to proceed in forma pauperis, the Petition is subject to dismissal

24   without prejudice.  *See* Rules Governing § 2254 Cases, Rule 3(a), 28 U.S.C. § foll. 2254.

25   **FAILURE TO USE COMPLETE FORM/FAILURE TO SIGN PETITION**

26        A Petition for Writ of Habeas Corpus must be submitted in accordance with the

27   Local Rules of the United States District Court of the Southern District of California.  *See*

28   Rules Governing § 2254 Cases, Rule 2(d), 28 U.S.C. foll. § 2254.  To comply with the

1   Local Rules, petitions must be submitted on a court-approved form and in accordance with

2   the instructions approved by the Court.  *Id.*; S.D. Cal. CivLR HC.2(b).  While Petitioner

3   has submitted the cover page of a habeas form and requests an "emergency writ" (*see* ECF

4   No. 1 at 1), Petitioner has failed to submit a complete form.

5       Additionally, Rule 2(c) of the Rules Governing Section 2254 Cases requires in

6   relevant part that "[t]he petition must . . . be signed under penalty of perjury by the

7   petitioner or by a person authorized to sign it for the petitioner under 28 U.S.C. § 2242."

8   Rules Governing § 2254 Cases, Rule 2(c)(5), 28 U.S.C. foll. § 2254.  Here, because

9   Petitioner has failed to sign the Petition under penalty of perjury, the instant case is also

10  subject to dismissal for failure to satisfy this requirement.

11                     **FAILURE TO NAME A PROPER RESPONDENT**

12      A review of the Petition reveals that Petitioner has also failed to name a proper

13  respondent.  On federal habeas, a state prisoner must name the state officer having custody

14  of him as the respondent.  *Ortiz-Sandoval v. Gomez*, 81 F.3d 891, 894 (9th Cir. 1996),

15  citing Rules Governing § 2254 Cases, Rule 2(a), 28 U.S.C. foll. § 2254.  "Typically, that

16  person is the warden of the facility in which the petitioner is incarcerated."  *Id.*  Federal

17  courts lack personal jurisdiction when a habeas petition fails to name a proper respondent.

18  *See id.*

19      The warden is the typical respondent.  However, "the rules following section 2254

20  do not specify the warden."  *Id.*  "[T]he 'state officer having custody' may be 'either the

21  warden of the institution in which the petitioner is incarcerated . . . or the chief officer in

22  charge of state penal institutions.'"  *Id.*, quoting Rules Governing § 2254 Cases, Rule 2(a),

23  28 U.S.C. foll. § 2254 advisory committee's note.  If "a petitioner is in custody due to the

24  state action he is challenging, '[t]he named respondent shall be the state officer who has

25  official custody of the petitioner (for example, the warden of the prison).'"  *Id.*, quoting

26  Rules Governing § 2254 Cases, Rule 2, 28 U.S.C. foll. § 2254 advisory committee's note.

27      A long standing rule in the Ninth Circuit holds "that a petitioner may not seek [a writ

28  of] habeas corpus against the State under . . . [whose] authority . . . the petitioner is in

1  custody.   The actual person who is [the] custodian [of the petitioner] must be the

2  respondent." *Ashley v. Washington*, 394 F.2d 125, 126 (9th Cir. 1968).  This requirement

3  exists because a writ of habeas corpus acts upon the custodian of the state prisoner, the

4  person who will produce "the body" if directed to do so by the Court.  "Both the warden

5  of a California prison and the Director of Corrections for California have the power to

6  produce the prisoner." *Ortiz-Sandoval*, 81 F.3d at 895.

7      Here, Petitioner has named "State of California" and "Warden Shirley" as

8  Respondents (*see* ECF No. 1 at 1), while Rob St. Andre is the Acting Warden at High

9  Desert State Prison, the institution at which Petitioner is currently incarcerated.  (*See id.* at

10  5; *see also* https://www.cdcr.ca.gov/facility-locator/hdsp, last visited June 2, 2023).   In

11  order for this Court to entertain the Petition filed in this action, Petitioner must name the

12  warden in charge of the state correctional facility in which Petitioner is presently confined

13  or the Director of the California Department of Corrections and Rehabilitation.

14  *Brittingham v. United States*, 982 F.2d 378, 379 (9th Cir. 1992) (per curiam).

15  ## FAILURE TO STATE GROUNDS FOR RELIEF IN PETITION

16      In addition, Rule 2(c) of the Rules Governing Section 2254 Cases states that the

17  petition must Aspecify all the grounds for relief available to the petitioner" and "state the

18  facts supporting each ground.@  Rule 2(c), 28 U.S.C. foll. ' 2254.  *See also Boehme v.*

19  *Maxwell*, 423 F.2d 1056, 1058 (9th Cir. 1970) (trial court=s dismissal of federal habeas

20  proceeding affirmed where petitioner made conclusory allegations instead of factual

21  allegations showing that he was entitled to relief).  Here, Petitioner has violated Rule 2(c).

22  Although it appears Petitioner has alleged some facts in the Petition, he does not state,

23  much less enumerate, any grounds for relief.

24      While courts should liberally interpret pro se pleadings with leniency and

25  understanding, this should not place on the reviewing court the entire onus of ferreting out

26  grounds for relief.  *See Zichko v. Idaho*, 247 F.3d 1015, 1020-21 (9th Cir. 2001).  In order

27  to satisfy Rule 2(c), Petitioner must point to a "real possibility of constitutional error."  *Cf.*

28  *Blackledge v. Allison*, 431 U.S. 63, 75 n.7 (1977) (internal quotation marks omitted).

1    Petitioner complains of being unable to locate his case number on the Riverside

2  County Court website, appears to refer to a cover up of an assault and offers citations to

3  various filings, sections of the U.S. Code and California state decisional law

4  unaccompanied by argument.  (*See generally* ECF No. 1.)   Even under a liberal

5  interpretation, Petitioner fails to offer facts or argument which could constitute grounds for

6  federal habeas relief.

7           **FAILURE TO ALLEGE EXHAUSTION OF STATE JUDICIAL REMEDIES**

8    Additionally, Petitioner has not alleged exhaustion of state remedies.  Habeas

9  petitioners who wish to challenge either their state court conviction or the length of their

10  confinement in state prison, must first exhaust state judicial remedies.  28 U.S.C. § 2254(b),

11  (c); *Granberry v. Greer*, 481 U.S. 129, 133-34 (1987).  To exhaust state judicial remedies,

12  a California state prisoner must present the California Supreme Court with a fair

13  opportunity to rule on the merits of every issue raised in his or her federal habeas petition.

14  28 U.S.C. § 2254(b), (c); *Granberry*, 481 U.S. at 133-34.   Ordinarily, to satisfy the

15  exhaustion requirement, a petitioner "'must fairly present[]' his federal claim to the highest

16  state court with jurisdiction to consider it, or . . . demonstrate[] that no state remedy remains

17  available.  *Johnson v. Zenon*, 88 F.3d 828, 829 (9th Cir. 1996) (citations omitted).

18  Moreover, to properly exhaust state court remedies a petitioner must allege, in state court,

19  how one or more of his or her federal rights have been violated.  For example, "[i]f a habeas

20  petitioner wishes to claim that an evidentiary ruling at a state court trial denied him [or her]

21  the due process of law guaranteed by the Fourteenth Amendment, he [or she] must say so,

22  not only in federal court, but in state court."  *Duncan v. Henry*, 513 U.S. 364, 365-66 (1995)

23  (emphasis added).

24    In addition to failing to state any claims, Petitioner fails to allege that he raised the

25  claim or claims he wishes to bring here in California Supreme Court.  If Petitioner has

26  raised his federal claim or claims in the California Supreme Court, he must so specify.

27    Rule 4 of the Rules Governing Section 2254 Cases provides for summary dismissal

28  of a habeas petition "[i]f it plainly appears from the face of the petition and any attached

1  exhibits that the petitioner is not entitled to relief in the district court . . ." Rules Governing
2  § 2254 Cases, Rule 4, 28 U.S.C. foll. § 2254.  Here, it appears plain from the Petition that
3  Petitioner is not presently entitled to federal habeas relief because he has not alleged
4  exhaustion of state court remedies.

5  ### VENUE

6  A petition for writ of habeas corpus may be filed in the United States District Court
7  of either the judicial district in which the petitioner is presently confined or the judicial
8  district in which he was convicted and sentenced.  *See* 28 U.S.C. § 2241(d); *Braden v. 30th*
9  *Judicial Circuit Court*, 410 U.S. 484, 497 (1973).

10  Petitioner is currently incarcerated at the High Desert State Prison in Susanville,
11  California, in Lassen County, which is within the jurisdictional boundaries of the Eastern
12  District of California.  *See* 28 U.S.C. § 84(a).  On the cover sheet of the Petition, Petitioner
13  indicates "Kern County Superior Court" with a case number HC017502A and has also
14  submitted a copy of a court order from the Kern County Superior Court regarding a state
15  habeas action in case number HC17502A which was transferred to the Riverside County
16  Superior Court.  (*See* ECF No. 1 at 1, 3.)  Riverside County Superior Court and Kern
17  County Superior Court reside in different federal districts.  Riverside County Superior
18  Court is within the jurisdictional boundaries of the United States District Court for the
19  Central District of California, Eastern Division.  *See* 28 U.S.C. § 84(c)(1).  Meanwhile,
20  Kern County Superior Court is within the jurisdictional boundaries of the United States
21  District Court for the Eastern District of California.  *See* 28 U.S.C. § 84(a).

22  To the extent Petitioner is attempting to challenge a Kern County Superior Court
23  judgment, jurisdiction lies solely in the Eastern District of California, where Petitioner is
24  also currently incarcerated.  If Petitioner seeks to challenge a judgment entered in Kern
25  County, the Eastern District is the appropriate forum.  *See* 28 U.S.C. § 2241(d); *Braden*,
26  410 U.S. at 497; 28 U.S.C. § 84(a).  To the extent Petitioner is instead attempting to
27  challenge a Riverside County Superior Court judgment, jurisdiction lies in either the
28  Eastern or Central Districts.

1    Here, because the Petition is in any event subject to dismissal in view of the
2  numerous deficiencies discussed herein, and because it is currently unclear where
3  jurisdiction lies, the furtherance of justice does not favor transfer.

### CONCLUSION AND ORDER

5    The Petition is **DISMISSED** without prejudice for failure to satisfy the filing fee
6  requirement, failure to use the proper form, failure to name a proper Respondent, failure to
7  state a cognizable federal claim, and failure to allege exhaustion of state judicial remedies.
8  If Petitioner wishes to proceed with this case, Petitioner must submit, **no later than August**
9  **4, 2023**, a copy of this Order along with: (1) a completed First Amended Petition form that
10 cures the pleading deficiencies outlined in the instant Order **AND** (2) either the $5.00 fee
11 or adequate proof of Petitioner's inability to pay the fee.  The Clerk of Court is directed to
12 send Petitioner a blank Southern District of California amended § 2254 habeas petition
13 form and in forma pauperis application along with a copy of this Order.

14    With respect to venue, if Petitioner is attempting to proceed with a habeas action
15 pursuant to section 2254 challenging a judgment entered in San Diego County Superior
16 Court, Petitioner must so specify in the First Amended Petition.  If Petitioner is instead
17 attempting to proceed with a habeas action pursuant to section 2254 challenging a
18 Riverside County or Kern County Superior Court judgment, he must file in the Central
19 District of California, Eastern Division or the Eastern District of California, respectively.
20 *See* Rules Governing § 2254 Cases, Rule 2(e), 28 U.S.C. foll. § 2254 ("A petitioner who
21 seeks relief from judgments of more than one state court must file a separate petition
22 covering the judgment or judgments of each court.")

23 **IT IS SO ORDERED.**

24 Dated:  June 6, 2023

_____
Hon. Cathy Ann Bencivengo
United States District Judge

6

23cv1021 CAB (BGS)