UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID ANTHONY DEAN,<br><br>　　　　　　　　　　Petitioner,<br><br>v.<br><br>STATE OF CALIFORNIA, et al.,<br><br>　　　　　　　　　　Respondents. | Case No.:  23cv1021 CAB (BGS)<br><br>**ORDER DIRECTING ENTRY OF FINAL JUDGMENT OF DISMISSAL WITHOUT PREJUDICE** |

On May 26, 2023, Petitioner, a state prisoner proceeding pro se, filed a document using the initial cover page of a habeas form, which was docketed as a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 ["Petition"].  (ECF No. 1.)  In an Order issued on June 6, 2023, the Court dismissed the Petition without prejudice for failure to satisfy the filing fee requirement, failure to use the proper form, failure to name a proper Respondent, failure to state a cognizable federal claim, and failure to allege exhaustion of state judicial remedies and directed that in order to proceed with the habeas action, Petitioner must both satisfy the filing fee requirement and file a First Amended Petition that addressed the noted deficiencies on or before August 4, 2023.  (*See* ECF No. 2.)  The Court also instructed that if Petitioner was attempting to proceed with a habeas action pursuant to section 2254 challenging a judgment entered in San Diego County Superior Court, he must so specify in the First Amended Petition, but if Petitioner was instead

attempting to proceed with a habeas action pursuant to section 2254 challenging a Riverside County or Kern County Superior Court judgment, he must file in the Central District of California, Eastern Division or the Eastern District of California, respectively. *See id.*

Petitioner thereafter filed a document entitled "Notice of Intent/Corrections" accompanied by several exhibits indicating an intent to amend the Petition but expressing concern about deadlines due to a recent prison lockdown, and separately filed a motion for reconsideration of the Court's June 6, 2023, Order, dismissing the Petition without prejudice. (ECF Nos. 3, 4.) On June 29, 2023, the Court issued an Order denying Petitioner's motion for reconsideration and *sua sponte* granting a 14 day extension of time to August 18, 2023, for Petitioner to satisfy the filing fee requirement and to file the First Amended Petition which addressed the deficiencies the Court had previously noted in the June 6, 2023, Order. (ECF No 5.)

Since the issuance of the Court's June 29, 2023, Order, Petitioner has submitted a litany of miscellaneous filings to the Court, none of which appear responsive to the Court's Orders. On July 3, 2023, Petitioner filed a Notice of Abuse for filing, in which, while difficult to discern, Petitioner appears to assert he was "abused" for filing a section 1983 case in this district by having a later case "fixed" against him in Riverside County.[1] (*See*

---

[1] The Court finds no indication Petitioner has recently filed a section 1983 case in this district or another California district court. A search of this district's docket for any prior section 1983 actions associated with Petitioner reveals only a section 1983 action filed in 2001, which was terminated in 2002. *See California Steaming et al., v. City of Temecula, et al.*, S.D. Cal. Case No. 01cv0440-WQH-MSB. In any event, to the extent Petitioner is attempting to raise claims as to alleged abuse suffered during his confinement, whether related or not to his filing of a section 1983 case, challenges to a prisoner's conditions of confinement may not be brought on federal habeas review. *See Preiser v. Rodriguez,* 411 U.S. 475, 499 (1973) ("[A] § 1983 action is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody."); *see also Nettles v. Grounds*, 830 F.3d 922, 931 (9th Cir. 2016) (en banc) ("[W]e hold that if a state prisoner's claim does not lie at 'the

ECF No. 6.)  On July 10, 2023, Petitioner filed two letters, each of which, while also hard to comprehend, also appear to allude to abuses, fixes, and other mistreatments.  (*See* ECF Nos. 7-8.)  On July 17, 2023, Petitioner filed a supplemental document, which appears to pertain to correspondence from Petitioner with the Riverside County Superior Court in 2022 and a resultant minute order by that court concerning the appointment of an investigator and requests for medical records, to which Petitioner has added numerous handwritten notes and asides.  (*See* ECF No. 9.)  On July 21, 2023, Petitioner filed documents which were docketed as a Notice for U.S. Supreme Court and Notice of Force, the former in which Petitioner again appears to allude to a fix to convict and the latter which Petitioner appears to indicate relates to ECF No. 3, Petitioner's earlier filed Notice of Intent/Corrections.  (*See* ECF Nos. 10-11.)  On July 28, 2023, Petitioner filed another supplemental document which appears to pertain to the previously filed Notice to Supreme Court [ECF No. 10].  (*See* ECF No. 12.)  On August 7, 2023, Petitioner submitted a document which was docketed as an exhibit, which again alludes to Petitioner's prior claims of abuses and references to the Supreme Court and includes numerous other miscellaneous documents.  (*See* ECF No. 13.)  Finally, on August 30, 2023, well after the August 18, 2023, extended deadline to satisfy the filing fee requirement and submit a First Amended Petition, Petitioner submitted another short letter which appears to allude to cover ups of documents and generally cites a federal statute concerning deprivation of rights under the color of law unaccompanied by any relevant argument.  (ECF No. 14.)

Again, upon review, none of Petitioner's numerous filings appear in any way responsive to the Court's June 6, 2023, or June 29, 2023, Orders.  For one, Petitioner has

---

core of habeas corpus,' it may not be brought in habeas corpus but must be brought, 'if at all,' under § 1983."), quoting *Preiser*, 411 U.S. at 487; *Skinner v. Switzer*, 562 U.S. 521, 535 n.13 (2011).  If Petitioner wishes to pursue claims concerning the conditions of his confinement, such claims must be brought, if at all, in a civil rights complaint filed pursuant to section 1983.

to date made no attempt to satisfy the filing fee requirement by either paying the $5.00 filing fee or submitting a request to proceed in forma pauperis. Nor has Petitioner to date filed a First Amended Petition which addresses the multitude of deficiencies previously identified by the Court, including Petitioner's failure to use the proper form, failure to name a proper Respondent, failure to state a cognizable federal claim, and failure to allege exhaustion of state judicial remedies. Given Petitioner's failure to comply with the Court's June 6, 2023, and June 29, 2023, Orders, and the fact that it is now well past the August 18, 2023, deadline to do so, the Court will enter a final judgment of dismissal without prejudice in the instant habeas action.

## CONCLUSION AND ORDER

For the reasons discussed above, the Petition remains **DISMISSED** without prejudice for failure to satisfy the filing fee requirement, failure to use the proper form, failure to name a proper Respondent, failure to state a cognizable federal claim, and failure to allege exhaustion of state judicial remedies. In light of Petitioner's failure to respond to the Court's June 6, 2023, and June 29, 2023, Orders, the Court **DIRECTS** the Clerk to enter a final judgment of dismissal without prejudice.

**IT IS SO ORDERED.**

Dated: September 7, 2023

_____
Hon. Cathy Ann Bencivengo
United States District Judge